IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19-CV-132-BO

| | | |
|---|---|---|
| PAUL ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| ANDREW SAUL, | ) | |
| *Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on plaintiff's motion for judgment on the pleadings [DE 19] and defendant's motion for summary judgment [DE 21]. A hearing was held on the motions before the undersigned on January 14, 2021 via videoconference. For the reasons that follow, the decision of the Commissioner is reversed.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his application for disability and disability insurance benefits under title II of the Social Security Act. Plaintiff filed an application for a period of disability and disability insurance benefits on July 25, 2016, alleging a disability onset date of November 30, 2015. After initial denials, an Administrative Law Judge (ALJ) held a hearing on November 29, 2018, and subsequently found that plaintiff was not disabled. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the

2

claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since his alleged onset date of November 30, 2015 through his last insured date of December 13, 2017. The ALJ found that plaintiff's coronary artery, status post-valve replacement with redo in 2017, and history of myocardial infarction in November 2015; thoracic aneurysm; peripheral artery disease, status-post intervention in 2016; obesity; hypertension; hyperlipidemia; sleep apnea; bilateral hearing loss; degenerative disc disease; substance use disorder; and post-traumatic stress disorder were severe impairments at step two, but that either alone or in combination her impairments did not meet or equal a Listing. The ALJ determined that plaintiff had the residual functional capacity to perform sedentary work with limitations and at steps four and five found that plaintiff was unable to performs past relevant work but that, considering his age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy which plaintiff could perform. Thus, a finding of not disabled was directed.

3

Upon review of the record and decision, the Court concludes that reversal is appropriate because the ALJ failed to give adequate weight to plaintiff's VA rating or, at a minimum, provide sufficient reasons for discounting that rating. Effective March 16, 2016, plaintiff was awarded a VA disability compensation and rating of 80 percent combined and a rating of unemployability. In *Bird v. Comm'r of Soc. Sec.*, the Fourth Circuit noted that the VA and Social Security determinations are "closely related [and] a disability rating by one of the two agencies is highly relevant to the disability determination of the other agency." 699 F.3d 337, 343 (4th Cir. 2012). The court has held that "in making a disability determination, the SSA must give substantial weight to a VA disability rating." *Id.* In order to afford less than "substantial weight" to the disability determinations of other government agencies, the ALJ must give "persuasive, specific, valid reasons for doing so that are supported by the record." *Woods v. Berryhill*, 888 F.3d 686, 692 (4th Cir. 2018).

The ALJ gave no valid reasons for affording less than substantial weight to the VA decision, much less persuasive ones. Simply noting the difference in the standards employed by the VA and the Social Security Administration is insufficient to justify deviation under *Bird*. The ALJ in this case did not explain how the rating was inconsistent with the record, much less perform a meaningful comparison between the medical evidence and the findings in the VA rating decision. A review of the record makes clear that this was not harmless error.

Furthermore, the RFC is not supported by substantial evidence. The evidence of the record indicates that following his alleged onset date, plaintiff reported and exhibited significant symptoms of post-traumatic stress disorder and depression, even to the point he was involuntarily committed. Two separate examining psychologists indicated in their examination reports that

4

plaintiff's psychological conditions severely limited his ability to engage in regular and continuing work activity.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). The Court in its discretion finds that reversal and remand for benefits is appropriate. The ALJ failed to give substantial weight to plaintiff's VA rating, and the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard. When plaintiff's medical conditions are considered in combination with the VA disability rating, there is not substantial evidence to support a denial of benefits. Reopening this case for another hearing would serve no purpose, and the ALJ's decision must be reversed.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 19] is GRANTED. Defendant's motion for summary judgment [DE 21] is DENIED. The decision of the ALJ is REVERSED and this matter is REMANDED to the Commissioner for an award of benefits. The clerk is DIRECTED to close the case.

5

SO ORDERED, this __31__ day of January, 2021.

Terrence Boyle

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6